UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

INTERNATIONAL EQUITY INVESTMENTS, LLC (f.k.a.
INTERNATIONAL EQUITY INVESTMENTS, INC.), AND
CITIGROUP VENTURE CAPITAL INTERNATIONAL
BRAZIL, LLC, ON BEHALF OF ITSELF AND CITIGROUP
VENTURE CAPITAL INTERNATIONAL BRAZIL, L.P.
(f.k.a. CVC/OPPORTUNITY EQUITY PARTNERS, L.P.),

               Plaintiffs,

   v.

HIGHLAKE INTERNATIONAL BUSINESS COMPANY
LTD.,

               Defendant.

-------------------------------------------------------------------- X

No. 08 Civ. _____

08 CV 3106

COMPLAINT

International Equity Investments, LLC (f.k.a. International Equity Investments, Inc.) and Citigroup Venture Capital International Brazil, LLC, (f.k.a. CVC/Opportunity Equity Partners, L.P.), on behalf of itself and Citigroup Venture Capital International Brazil, L.P. (f.k.a. CVC/Opportunity Equity Partners, L.P.) (the "CVC Fund"), by their attorneys Cleary Gottlieb Steen & Hamilton LLP, allege as follows:

      1.     In this action, plaintiffs seek relief that is in the alternative to the relief plaintiffs seek in the related action, <u>Int'l Equity Inv., Inc. et ano v. Opportunity Equity Partners, Ltd. et al.</u>, 05 Civ. 2745 (LAK) (the "Opportunity Action"). The defendants in the Opportunity Action – who are also the current de facto controllers of Highlake International Business Company Ltd. ("Highlake") – stole the equity of Highlake from plaintiffs, who invested approximately $22 million with the expectation of receiving Highlake equity. Rather than receiving equity, plaintiffs on January 29, 2003 were issued a Promissory Note (the "Note").

2. Accordingly, in the Opportunity Action plaintiffs seek, <u>inter alia</u>, imposition of a constructive trust over 100% of the equity of Highlake. In the unlikely event that plaintiffs do not prevail in their claim to the equity of Highlake (or if plaintiffs' share of the equity of Highlake is worth less than the principal amount of the note plus interest), then Highlake will be liable to pay back to plaintiffs, at a minimum, the amount of the Note plus interest.

## THE PARTIES

3. Plaintiff International Equity Investments, LLC (f.k.a. International Equity Investments, Inc.) ("IEII") is a Delaware limited liability company having its principal place of business at One Penn's Way, New Castle, Delaware. IEII is an indirect wholly owned subsidiary of Citigroup Inc. and is, and was at all relevant times hereto, the sole limited partner of the CVC Fund, an exempted limited partnership registered as a Cayman Island Exempted Limited Partnership. The sole member of IEII is Court Square Capital Limited ("Court Square"), a Delaware corporation having its principal place of business at 399 Park Avenue, New York, New York.

4. Plaintiff Citigroup Venture Capital International Brazil, LLC ("CVC") is a Delaware limited liability company and the sole general partner of the CVC Fund. CVC is a subsidiary of IEII and its principal place of business is 731 Lexington Avenue, New York, New York. IEII is the sole member of CVC.

5. Defendant Highlake International Business Company Ltd. ("Highlake") is a company incorporated under the laws of Barbados with its registered offices at Hastings Business Services Limited, Hastings, Christ Church, Barbados. Highlake is a vehicle that has been used to acquire and hold valuable stakes in telecommunications assets and it wholly owns both TPSA Investment Corporation and TPSA do Brasil Ltda., registered under the laws of Brazil.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2). The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over defendant Highlake because in the January 29, 2003 Promissory Note from Highlake to CVC, Highlake consented to jurisdiction of the Courts of New York in respect of actions arising out of or based on the Note. The forum consent clause provides in relevant part in paragraph 10:

> This Promissory Note shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to the principles of choice of laws or conflict of laws thereof. The Borrower hereby irrevocably:
>
> > (a) submits to the non-exclusive jurisdiction of any New York State and U.S. Federal court sitting in New York City in any suit, action or proceeding with respect to all matters arising out of or relating hereto;
> >
> > (b) agrees that all claims with respect to such suit, action or proceeding may be heard and determined in such New York State or U.S. Federal court;
> >
> > (c) waives, to the fullest possible extent, the defense of an inconvenient forum;
> >
> > (d) consents to service or process upon it by mailing or delivering such service to it at its address above, or by any other method permitted by law;
> >
> > (e) waives the right to a trial by jury; and
> >
> > (f) agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

This Court also has personal jurisdiction over defendant pursuant to N.Y. C.P.L.R. Section 302(a).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(d) because the defendant is an alien. Venue is also proper pursuant to 28 U.S.C. §1391(a)(3) because the defendant is subject to personal jurisdiction in this district and there is no district in which the action may otherwise be brought.

## NATURE OF THE ACTION

9. This action is for breach of contract and is related to the civil case No. 05 Civ. 2745 pending in this Court (Kaplan, J.).

10. Pursuant to the terms of the January 29, 2003 Promissory Note (the "Note") issued by Highlake, Highlake undertook a contractual obligation to repay CVC a total of $22,010,000.00 (twenty two million and ten thousand United States dollars), together with all accrued and unpaid interest. A copy of the Promissory Note is annexed hereto as Exhibit A.

11. The Note provided that in the event that any principal and/or interest is not paid when due, Highlake would be required to pay CVC interest on the overdue principal and overdue interest, from the date such principal amount and/or interest is due until the date such principal amount and/or interest is paid in full. Ex. A, ¶ 1.

12. On January 15, 2004, Highlake unilaterally changed the January 29, 2004 due date on the Note to August 31, 2004.

13. A Second Amendment to the Promissory Note, purportedly dated August 24, 2004, again unilaterally changed the due date on the Note from August 31, 2004 to March 31, 2005.

14. On March 31, 2005, Highlake notified CVC that although the Note was payable on March 31, 2005, "as a result of the recent order obtained by [IEII], Highlake does not have the ability to repay the Note in cash at this time."

15. As of the date of filing of this complaint, Highlake still has not made any payment on the $22.1 million Note it issued to the CVC Fund.

16. Highlake's failure to pay the principal and interest on the debt it issued pursuant to the terms of the Note constitutes an Event of Default and the sum owed to CVC is immediately due and payable. Ex. A, ¶ 4.

## CLAIM FOR RELIEF

### BREACH OF CONTRACT

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 herein.

18. Highlake has breached the terms of the Promissory Note by failing to pay the amount owed to CVC. The entire principal plus interest on the Note issued by Highlake is immediately due and payable to CVC.

19. Plaintiff is therefore entitled to money damages, plus statutory pre- and post-judgment interest and any other amounts required or permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs International Equity Investments, LLC and Citigroup Venture Capital International Brazil, LLC respectfully request judgment against defendant Highlake International Business Company Ltd. as follows:

Awarding plaintiffs an amount equal to the principal amount, together with all accrued and unpaid interest, including capitalized interest, due under the terms of the Promissory Note;

An award of attorneys' fees, costs and prejudgment interest in favor of plaintiffs; and

        Any further relief as may be just and proper.

Dated: New York, New York
      March 26, 2008

                              Respectfully Submitted,

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                              By: _____
                                  Howard S. Zelbo
                                  (hzelbo@cgsh.com)
                                  Carmine D. Boccuzzi
                                  (cboccuzzi@cgsh.com)

                              One Liberty Plaza
                              New York, New York 10006
                              (212) 225-2000
                              *Attorneys for Plaintiffs*

# Exhibit A

# PROMISSORY NOTE

US$ 22,010,000.00 (twenty two million and ten thousand United States dollars)

St. Michael, Barbados

For VALUE RECEIVED, Highlake International Business Company Ltd., a corporation organized and existing under the laws of the Commonwealth of the Barbados ("Barbados"), with its registered offices at Hastings Business Services Limited, Hastings, Christ Church, Barbados ("Borrower"), hereby unconditionally promises to pay on January 29, 2004 (A) US$ 22,010,000.00 (twenty two million and ten thousand United States dollars) or if a lesser amount is outstanding hereunder, then such lesser amount, and (B) interest on the amount of outstanding principal at a rate equal to the sum of (a) LIBOR (as defined below), and (b) one and one-half percent (1.5%) per annum, based on a year of 360 days and days actually elapsed, all in United States dollars, in immediately available funds (subject to paragraph (10) of this Promissory Note), without setoff or counterclaim, free and clear of all restrictions of whatsoever nature, to the order of CVC/Opportunity Equity Partners, L..P. ("Holder"). "LIBOR" means the rate of interest per annum indicated two Banking Days prior to the date of issuance of this Promissory Note on Reuters page LIBOR or otherwise indicated by Reuters at 11:00 a.m. London, England time for the term substantially equal to the period of this Promissory Note as indicated in this paragraph. "Banking Day" means a day, other than a Saturday or a Sunday, which is also a day on which banks are open and dealing in United States dollars in the London, England interbank market.



(1) In the event that any principal and/or interest is not paid when due, the Borrower shall pay to the holder hereof interest on such overdue principal, and on such overdue interest (to the extent permitted by law), from the date such principal amount and/or interest is due until the date such principal amount and/or interest is paid in full, payable on demand, at the afore-mentioned interest rate plus one percent (1%) per annum, based on a year of 360 days and days actually elapsed. However, such interest hereunder shall not at any time exceed the maximum interest rate permitted by law.

(2) The Borrower shall make all payments hereunder regardless of any defense, counterclaim or setoff, including, without limitation, any defense, counterclaim or setoff based on any law, rule or policy which is now in effect or hereafter promulgated by any governmental authority or regulatory body and which may adversely affect the Borrower's obligation to make, or the right of the holder hereof to receive, such payments. With regard to payments by the Borrower hereunder: (a) Any and all payments by the Borrower hereunder shall be made free and clear of and without deduction for any and all present or future taxes, levies, imposts, deductions, charges or withholdings, and all liabilities with respect thereto, assessed, asserted, imposed, levied or made by, for the benefit of, or in, the Barbados (all such taxes, levies, imposts, deductions, charges, withholdings and liabilities being hereinafter referred to as "Taxes"). If the Borrower shall be required by law to deduct or withhold any Taxes from or in respect of any sum payable hereunder, (i) the sum payable shall be increased as may be necessary so that after making all required deductions and withholdings (including deductions and withholdings applicable to additional sums payable hereunder), the holder hereof receives an amount equal to the sum it would have received had no such

2

deductions nor withholdings been made, (ii) the Borrower shall make such deductions and withholdings, and (iii) the Borrower shall pay the full amount deducted or withheld on behalf of the holder hereof to the relevant taxation authority or other authority in accordance with applicable law; (b) In addition, the Borrower agrees to pay any present or future stamp or documentary taxes or any other excise or property taxes, charges or similar levies which arise from any payment made hereunder or from the execution, delivery or registration of, or otherwise with respect to, this Promissory Note (all such other taxes, charges, levies hereinafter referred to as "Other Taxes"); (c) the Borrower will indemnify the holder hereof for the full amount of Taxes and Other Taxes and any taxes, levies and imposts assessed, asserted, imposed or levied by any jurisdiction on amounts payable hereunder paid by the holder hereof or any liability (including penalties, interest and expenses) arising therefrom or with respect thereto, whether or not such Taxes, Other Taxes, taxes, levies or imposts were correctly or legally assessed, asserted, imposed or levied. This indemnification shall be made within 30 (thirty) days from the date the holder hereof makes written demand therefor; (d) Within 30 (thirty) days after the date of any payment by it of Taxes in respect of any payment made for the account of the holder hereof, the Borrower will furnish the holder hereof a certified copy of a receipt evidencing payment thereof; (e) Without prejudice to the survival of any other agreement of the Borrower hereunder, the agreements and obligations of the Borrower contained in sub-paragraphs (a), (b), (c) and (d) hereof shall survive the payment in full of principal and interest hereunder.

3

(3)     The Borrower represents and warrants as follows:

(a)     The Borrower is fully qualified and empowered to undertake and perform its obligations hereunder, in accordance with its certificate of incorporation and by-laws and the laws and regulations of the Barbados.

(b)     The Borrower has taken all action necessary and has obtained and maintained in force all appropriate and necessary government approvals for the payments contemplated in this Promissory Note, and this Promissory Note has been duly authorized, executed and delivered by the Borrower and constitutes a legal, valid and binding obligation of the Borrower enforceable in accordance with its terms, and neither this Promissory Note nor the performance by the Borrower of its obligations hereunder will result in any violation of any agreement, instrument, judgment, decree, order, statute, rule or governmental regulation now or hereafter in effect, applicable to, or binding on, the Borrower or require any additional consent, approval or authorization of any person or governmental instrumentality;

(c)     The Borrower's obligations under this Promissory Note rank and will rank in right of payment and in all other respects pari passu with all other indebtedness of the Borrower; and

(d)     There is no pending or threatened action or proceeding affecting the Borrower before any court, governmental agency or arbitrator, which may materially adversely affect the financial condition or operations of the Borrower

4

or which purports to affect the legality, validity or enforceability of this Promissory Note.

(4)   If any of the following events (each an "Event of Default") occurs: if any sum payable on any liability of the Borrower to the holder hereof shall not be paid when due; or if the Borrower shall be dissolved or liquidated, die, become insolvent (however such insolvency may be evidenced), commit any act of bankruptcy, or make a general assignment for the benefit of creditors; or if the transaction of the usual business of the Borrower shall be suspended, or any proceeding, procedure or remedy supplementary to or in enforcement of judgment shall be resorted to or commenced against, or with respect to any property of the Borrower; or if a petition in bankruptcy or any relief under any proceeding shall be instituted under any such law, by or against the Borrower; or if any indebtedness of the Borrower for borrowed money shall become due and payable by acceleration of maturity thereof, then this Promissory Note and all other present and future demands of any and all kinds of the holder hereof against the Borrower, whether absolute or contingent, shall, unless the holder hereof shall otherwise elect, forthwith be due and payable.

(5)   No failure or delay in exercising, by the holder of this Promissory Note, any right or power hereunder shall operate as a waiver of such right or power, nor shall any single or partial exercise of any right or power preclude any further or other exercise of such right or power or any other right or power.

(6)   In case one or more provisions contained in this Promissory Note shall be invalid, illegal or unenforceable in any respect under any applicable law, the validity,

5

legality and enforceability of the remaining provisions contained herein shall not be affected or impaired thereby.

(7) The Holder may assign or otherwise transfer this Promissory Note and any of its rights hereunder to any other person or entity only with the prior written consent of the Borrower, and such person or entity shall thereupon become vested with all the rights of the Holder hereunder.

(8) Except as otherwise provided herein, (a) any notices or communications to be given to the Borrower hereunder shall be deemed given when sent by fax to the Borrower (fax number (55) (21) 2240-5126), and (b) any notices or communications to be given to the Holder hereunder shall be deemed given when sent by fax to the Holder (fax number (55) (21) 3804-3435).

(9) The Borrower, may in its sole discretion (except as provided below), pay the principal and/or the accrued interest on this Promissory Note, at any time, by delivering to the holder hereof a number of the Borrower's shares ("Shares") of stock (voting and/or non-voting, common and/or preferred, as determined by the Borrower) ("Stock") with an aggregate Fair Market Value ("Fair Market Value") equal to the principal and/or accrued interest being so paid. The Fair Market Value of the shares of the Borrower shall be determined by an international investment bank agreed to by the Borrower and the holder hereof. If the Borrower and the holder hereof do not agree, within thirty (30) day period after the Borrower gives written notice to the holder hereof, on an international investment bank which will determine the Fair Market Value, then each of the Borrower and the holder hereof will designate an international investment



6

bank, and those two international investment banks will choose another international investment bank which by itself will determine the Fair Market Value. In determining Fair Market Value, the international investment bank will give due consideration to the value of the shares of stock in the Borrower which would constitute a controlling interest in the Borrower. The right of the Borrower to make such payment in its Shares of Stock is contingent upon the holder hereof obtaining all applicable approvals in its jurisdiction of incorporation to receive such Shares Stock. If the Borrower makes such payment in its Shares of Stock, the Borrower and the holder hereof will execute a Shareholder's Agreement, on the date of such payment, in the form attached hereto as Annex A, duly completed. If the Note is outstanding, and if the Borrower increases its capital by issuing additional Shares of its Stock, the Holder hereof shall have the right to lend additional funds to the Borrower ("Additional Loan") and thereby increase the principal amount of this Promissory Note by the amount of such Additional Loan, so that if the Borrower were to decide to pay any amount of the principal on this Promissory Note in its Shares of Stock, the rights of the Borrower hereunder would not be diluted.

(10) This Promissory Note shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to the principles of choice of laws or conflict of laws thereof. The Borrower hereby irrevocably:

(a) submits to the non-exclusive jurisdiction of any New York State and U.S. Federal court sitting in New York City in any suit, action or proceeding with respect to all matters arising out of or relating hereto;

(b) agrees that all claims with respect to such suit, action or proceeding may be heard and determined in such New York State or U.S. Federal court;

7

(c)  waives, to the fullest possible extent, the defense of an inconvenient forum;

(d)  consents to service or process upon it by mailing or delivering such service to it at its address above, or by any other method permitted by law;

(e)  waives the right to a trial by jury; and

(f)  agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

Highlake International Business Company Ltd.

By _____
Name:
Title:

By _____
Name:
Title:

St. Michael, Barbados
January 29, 2003

8

ANNEX A
PROMISSORY NOTE

US 22,010,000.00 (twenty two million and ten thousand United States dollars)

Pursuant to the terms of Section 9 of the Promissory Note entered into on January 29, 2003 ("Promissory Note") by and between Highlake International Business Company Ltd. ("Borrower") and Cvc/Opportunity Equity Partners L.P. ("Holder") when and if the Borrower effectively pays the principal and/or the accrued interest on the Promissory Note by delivering to the Holder the Shares according to the procedures set forth therein, the Borrower, the Holder and its shareholders shall enter into a Shareholders Agreement that shall provide for :

- right of first refusal
- tag along right
- drag along right

Terms used herein and not expressly defined shall have the same meaning ascribed to them in the Promissory Note.